| |
|---|
| **Green v Mr. Cooper** |
| 2024 NY Slip Op 33045(U) |
| August 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 100436/2023 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ                    PART    47

*Justice*

-----------------------------------------------------------------------------X

SIWANA GREEN, THOMAS GREEN,

Plaintiffs,

- v -

MR. COOPER, COMMUNITY LOAN, BAYVIEW LOAN, DYNAMIC MORTGAGE, 67-69 ST. NICHOLAS AVE, HDFC, VERITAS PROPERTY MNGT., JAMES MAESTRI, SHANTELL BENNETTE-WILLIAMS, CHARLISSE JOHNSON, NEIGHBORHOOD HOUSING SERVICES OF NYC, MARK MATTHEWS, RAKESH NIGAM, MARK GRABANSKI, JEFFREY L. PEARRING, HAO FENG, HONGYING ZOE, JOSEPHINE SIBLEY, TANG FAN, NURYS GARCIA, ANGEL GARCIA, CLARA MEREGUILDO, JEREMY FENN-SMITH, ALBERTO CRISTANCHO, LAURA LEE AYO MOON,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 100436/2023 |
| MOTION DATE | 10/06/2023, 10/06/2023, 10/09/2023, 12/13/2023, 05/08/2024 |
| MOTION SEQ. NO. | 001 002 003 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 45, 66

were read on this motion to/for                    DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28, 29, 30, 31, 46, 67

were read on this motion to/for                    DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 48

were read on this motion to/for                    DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 59, 60, 61, 62, 63, 64, 65, 69

were read on this motion to/for                    DISMISS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 72, 73, 74, 75, 76, 77, 78

were read on this motion to/for                    DISMISS                    .

100436/2023   GREEN, SIWANA ET AL vs. MR. COOPER ET AL
Motion No.  001 002 003 005 006

Page 1 of 4

1 of 4

In this conversion action arising from an alleged property taking by eminent domain, defendants move to dismiss plaintiffs' complaint.

On May 12, 2023, *pro se* plaintiffs filed their complaint, asserting causes of action for: defamation, libel, disenfranchisement, discrimination, discrimination (again), negligence, fraud, theft, identity theft, continued improper service, "stacking lawsuits with improper service so we never find out until it's too late," mail fraud, and "covering up their improper service" (NYSCEF Doc No 3). The complaint does not provide a basis for any of these causes of action or provide any supporting factual allegations.

Defendants have separately moved to dismiss plaintiffs' complaint as follows: (1) Community Loan Servicing LLC f/k/a Bayview Loan Servicing LLC (CLS) (MS #1, NYSCEF Doc No 9); (2) Nationstar Mortgage LLC d/b/a/ Mr. Cooper (Nationstar) (MS #2, NYSCEF Doc No 23); (3) Veritas Property Management LLC (Veritas), Jeremy Finn-Smith, Mark Grabanski, Jeffrey L. Perring, Alberto Cristancho, Clara Meregildo, Shantell Bennett-Williams, and James Maistre (MS #3, NYSCEF Doc No 32); (4) Housing Preservation Development (HPD) (MS #4, NYSCEF Doc No 49)[1]; (5) all the moving defendants in Mot Seq No 3, plus Laura Lee Ayo Moon (MS #5, NYSCEF Doc No 59); and (6) Rakesh Nigman, Hao Feng, Hongying Zhou, Josephine Sibley, Tan Fan, Nurys Garcia, and Angel Garcia (MS #6, NYSCEF Doc No 72).

Defendants move to dismiss principally on the grounds that plaintiffs' complaint is insufficiently pled, as it fails to establish the elements of each claim, offer supporting factual allegations, identify the legal authorities on which they rely, or intelligibly state the causes of action such that defendants may understand the claims against them (NYSCEF Doc Nos 20, 30,

---

[1] By decision and order dated May 14, 2024, the Hon. J. Machelle Sweeting granted HPD's motion to dismiss the complaint as against it and reassigned the case to this General IAS part, as none of the remaining parties were represented by the Office of Corporation Counsel (NYSCEF Doc No 79).

**100436/2023   GREEN, SIWANA ET AL vs. MR. COOPER ET AL**                                                    **Page 2 of 4**
**Motion No.  001 002 003 005 006**

[* 2]

42, 60, 73). Under Motion Seq No 5, plaintiffs filed an opposition in response to all motions to dismiss filed against them as of December 15, 2023 (NYSCEF Doc No 65). Therein, plaintiffs offer some context to certain causes of action, however, this does not cure the serious deficiencies in their complaint. Plaintiffs cannot satisfy the pleading requirements by using "one-word causes of action [as] placeholders" until discovery is under way so that "specific facts and evidence" reveal themselves (*id.*).

As the court determined in its decision and order on Mot Seq No 4, defendants "properly argue[ that] the complaint is devoid of particularity and key facts" (NYSCEF Doc No 79) and plaintiffs have not cured this critical issue. Accordingly, it is

ORDERED that defendants' motions to dismiss plaintiffs' complaint (Mot Seq Nos 1, 2, 3, 5, 6) are granted, and the action is dismissed as against them; and it is therefore

ORDERED that the caption in this matter is hereby amended as follows:

SIWANA GREEN, THOMAS GREEN,

Plaintiffs,

- v —

DYNAMIC MORTGAGE, 67-69 ST. NICHOLAS AVE, HDFC,
CHARLISSE JOHNSON, NEIGHBORHOOD HOUSING
SERVICES OF NYC, and MARK MATTHEWS,

Defendants.

And it is further

ORDERED that all papers, pleadings, and proceedings in the above-entitled action be amended in accordance with this change, without prejudice to the proceedings heretofore had herein; and it is further

ORDERED that defendant CLS shall, within 30 days of entry of this order, serve a copy of this order with notice of entry upon the County Clerk and the Clerk of the General Clerk's

**100436/2023  GREEN, SIWANA ET AL vs. MR. COOPER ET AL**                    **Page 3 of 4**
**Motion No.  001 002 003 005 006**

[* 3]

3 of 4

Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20240830110752PG0ETZ1E4D2FDE96E36438C897B44E2FBE95483

_____
8/30/2024
**DATE**

_____
**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

100436/2023   GREEN, SIWANA ET AL vs. MR. COOPER ET AL
Motion No.  001 002 003 005 006

Page 4 of 4

4 of 4